83,127-02

RANDY J. KAIZER # 1730604

C.T. TERRELL UNIT

1300 F.M. 655

ROSHARON, TX 77583


COURT OF CRIMINAL APPEALS

CLERK, ABEL ACOSTA

P.O.Box 12308

AUSTIN ,TX 78711


RE: RANDY J. KAIZER V. THE STATE OF TEXAS CAUSE NO: 10-CR-2388A


DEAR CLERK

      PLEASE FIND ENCLOSED FOR FILING PURPOSE THE FOLLOWING:

WRIT OF MANDAMUS . PLEASE BRING IT TO THE COURTS ATTENTION

THANK YOU VERY MUCH FOR YOUR KIND ATTENTION IN THIS MATTER.


RESPECTFULLY,

RANDY J. KAIZER # 1730604

C.T. TERRELL UNIT

1300 F,M. 655

ROSHARON, TX 77583


RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 23 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APEALS

IN RELATOR
RANDY J. KAIZER

§ IN THE 28th JUDICIAL DISTRICT
§
§ COURT OF
§
§ NUECES COUNTY, TEXAS

WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, RANDY J. KAIZE, RELATOR, PRO-SE, IN THE ABOVE STYLED CAUSED NUMBER AND FILES A WRIT OF MANDAMUS TO BE GRANTED FOR THE FOLLOWING REASONS TO WIT:

I.

THE WRIT OF MANDAMUS IS AVAILABLE IN EXTRAORDINARY SITUATIONS TO CORRECT A CLEAR ABUSE OF DISCRETION OR IF A TRIAL COURT VIOLATES A LEGAL DUTY AND THE PARTY HAS NO ADEQUATE REMENDY BY APPEAL. SEE IN RE PARNHAM, 263 S.W.3d 97(TEX-APP.-HOUSTON[1st DIST.[(2006)

RELATOR SEEKING MANDAMUS MUST ESTABLISH THAT TRIAL JUDGE (a) COULD REASONABLLY HAVE REACHED ONLY ONE DECISION IN RULING ON FACT ISSUE OR MATTER COMMITTED TO TRIAL COURTS DISCRETION AND FAILED TO DO SO OR (b) FAILED TO CORRECTLY DETERMINE WHAT LAW IS OR APPLY IT TO FACTS. SEE IN RE STATE FARM MUT. AUTO. INS. CO., 932 S.W.2d 21(TEX-APP.HOUSTON[1st DIST] 1998)

II.

APPLICANT FILED HIS WRIT OF HABEAS CORPUS PURSUANT TO 11.07, CODE OF CRIMINAL PROCEDURE, TO THE 28th DISITRICT COURT ON 2/17/15, BUT DUE TO PRISÖN MAILROOM OR U.S.POSTAL SERVICE APPLICANT'S CERTIFIED MAIL WAS NOT RECEIVED BY THE 28th DISTRICT CLERK UNTIL 3/10/15.APPLICANT NOTIFIED THE COURT THAT HIS MEMORANDUM OF LAW WAS BEING TYPIED AND WOULD BE MAILED IN A SEPARATE ENVELOP. APPLICANT BY CERTIFIED MAIL MAILED HIS MEMO OF LAW ON 3/6/15, BUT AGAIN WAS MISPLACED BY THE PRISON MAILROOM OR U.S.POSTAL

1.

an INVESTIGATION BY THE TEXAS POST MASTER GENERAL IN CASE NO: CA 122195204 AND THE U.S.POST MASTER GENERAL IN CASE NO: CA 122243429. THE DISTRICT FINALLY RECEIVED AND STAMPED FILED THE MEMO OF LAW ON 3/25/15.

APPLICANT THEN FILED ON 4/8/15 APPLICANT'S PROPOSAL OF DESIGNATED ISSUES AND ORDER, MOTION FOR AN EVIDENTIARY HEARING AND INTERROGATORY QUESTIONS TO TRIAL COUNSEL LUIS GARCIA, BV CERTIFIED MAIL AGAIN THE PRISON MAILROOM OR U.S.POSTAL SERVICE HAVE MISPLACED AND FAILED TO DELIVER THIS TO THE COURT. AN INVESTIGATION IS BEING CONDUCTED BY THE TEXAS POST MASTER GENERAL IN CASE NO: CA 122624272 AND THE U.S.POST MASTER GENERAL INTERNAL AFFAIRS IN CASE NO: CA 122682988.

THE STATE FILED ITS STATES ANSWER ON 3/31/15 WHICH APPLICANT DID NOT RECEIVE UNTIL 4/9/15, APPLICANT FILED ON 4/13/15 APPLICANT'S OBJECTION TO THE STATES ANSWER. THE STATE IN ITS ANSWER MADE A GENERAL DENIAL (SEE STATES ANSWER @ P. 2) AND FURTHER SUBMITTED"THAT AN AFFIDAVIT WAS NOT REQUESTED FROM TRIAL COUNSEL BECAUSE APPLICANT"S CLAIM LACKS MERIT BASED UPON AN APPLICATION OF LAW TO THE FACTS PRESENTLY CONTAINED IN THE RECORD.

THE STATE IN ITS ANSWER ON APPLICANT'S GROUND 2 & 14 INEFFECTIVE ASSIS-TANCE OF COUNSEL @ P. 3-6 SPECIFICALLY ADDRESSING APPLICANT'S CLAIM OF INEFFECTIVENESS. THE STATE MISCONSTRUED AND MANIPULATED APPLICANT'S CLAIM THAT TRIAL COUNSEL FAILED TO INVESTIGATE, APPLICANT'S VERSION OF EVENTS OF A THIRD PARTY PERPETRATOR, CHARACTER WITNESSES AND FAILED TO CROSS EXAMINE THE VICTIM CONCERNING HIS ALIBI STATEMENT AND COUNSEL'S DECISION TO MOVE FORWQRD WITH THE TRIAL WITHOUT CALLING APPLICANT TO TESTIFY NOR ANY OF HIS CHARACTER WITNESSES. THE STATE IN ITS CONCLUSION AND PRAYER @ P.9 REQUESTED THE COURT TO FIND THAT(a) NO CONTROVERTED AND PREVIOUSLY UNRESOLVED FACTS ISSUES MATERIAL TO THE LEGALITY OF THE APPLICANT'S CON--FINEMENT;(2) EXPANSION OF THE RECORD BY AN EVIDENTIARY HEARING OR OTHERWISE IS NOT NEEDED; (3) THE ASSERTIONS CONTAINED IN THE STATE'S ANSWER ARE CORRECT. THE STATE FILED A PROPOSAL OF FINDING OF FACTS AND CONCLUSION

2.

OF LAW AND RECOMMENDATION.

## III.

THE COURT ON 4/3/15 ADOPTED THE STATE'S PROPOSAL AND RECOMMENDATION THAT THE APPLICANT'S HABEAS CORPUS APPLICATION BE DENIED AND ORDER THE CLERK TO FORWARD THE APPLICATION TO THE COURT OF CRIMINAL APPEALS. APPLICANT DID NOT RECEIVE A COPY OF THAT ORDER UNTIL 4/15/15.

THE TRIAL COURT PURSUANT TO 11.07 § 3(c) "IT SHALL BE THE DUTY OF THE CONVICTING COURT TO DECIDE WHETHER THERE ARE CONTROVERTED, PREVIOUSLY UNRESOLVED FACTS MATERIAL TO THE LEGALITY OF THE APPLICANT'S CONFINEMENT." APPLICANT CONTENDS THAT THE COURT HAD BEFORE IT CONTROVERTED, PREVIOUSLY RESOLVED ISSUES, APPLICANT'S ALLEGATION WHICH IF TRUE, WOULD ENTITLE HIM TO RELIEF AND THE STATE'S DENIAL OF APPLICANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS THE CONTROVERTED ISSUE AT HAND. THE PREVIOUSLY UNRESOLVED FACTS MATERIAL TO APPLICANT'S CLAIM IS THAT TRIAL COUNSEL HAS NOT BEEN DEPOSITION CONCERNING THE APPLICANT'S ALLEGATION THAT HE WAS INEFFECTIVE ASSISTANCE FOR FAILING TO INVESTIGATE( SEE APPLICATION AND MEMO FOR FURTHER ARGUMENT.)

APPLICANT CONTENDS THAT THE TRIAL COURT ABUSED ITS DISCRETION, BY FAILING TO DESIGNATE ISSUE, WHETHER APPLICANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND VIOLATED ITS LEGAL DUTY UNDER 11.07 § 3(d) AND APPLICANT HAS NO ADEQUATE REMENDY TO APPEAL TO OBTAIN THE NECESSARY PROCEEDING IN WHICH HE IS ABLE TO DEVELOP A RECORD CONTAING (FACTS) DIRECT EVIDENCE OF WHY COUNSEL FAILED TO INVESTIGATE, APPLICANT'S VERSION OF EVENTS OF A THIRD PARTY PERPETRATOR AND CHARACTER WITNESSES AND CROSS EXAMINE THE VICTIM CONCERNING HIS ALIBI STATEMENT AND CALL HIM TO TESTIFY.

## IV.

THE COURT OF CRIMINAL APPEALS HAS HELD THAT " THE IN HERENT NATURE OF MOST INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS MEANS THAT THE TRIAL RECORD WILL OFTEN FAIL TO CONTAIN THE INFORMATION NECESSARY TO SUBSTANTIATE THE

3.

CLAIM." AND ALSÖ " IT IS ESSENTIAL TO GATHERING THE FACTS NECESSARY TO...
EVALUTE...THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM." SEE EX PARTE
TORRES, 9433S.W.2d 469,477(T.C.A.1997)

APPLICANT REQUEST THAT HE BE GIVEN A FULL AND FAIR OPPORTUNITY TO
PROVE BY THE PREPONDERANCE OF THE EVIDENCE THAT HE WAS DENIED EFFECTIVE
ASSISTANCE OF COUNSEL. IN ORDER FOR APPLICANT TO MEET THE BURDEN OF STRICK-
LANDS DUAL PRONG DEFICIENCY AND PREJUDICE HE WOULD ASK THIS COURT TO
GRANT THIS WRIT OF MANDAMUS AND ORDER THE TRIAL COURT TO PERFORM ITS DUTY
PURSUANT 11.07 § 3(d) AND ORDER THE COURT TO HOLD AN EVIDENTIARY HEARING
IN WHICH TRIAL COUNSEL WILL BE DEPOSITION ACCORDING TO APPLICANT'S ALLEG-
ations, which if true would entitle him to relief

## CONCLUSION

APPLICANT REQUEST IS BASED ON THE THE FACTS THAT THE TRIAL COURT VIOLATE
ITS DUTY IN NOT DESIGNATING CONTROVERTED, PREVIOUSLY UNRESOLVED ISSUES.
THE APPLICANT DOES NOT HAVE ADEQUATE REMENDY TO APPEAL AND REQUEST THIS
COURT TO REMAND WITH AN ORDER TO HOLD AN EVIDENTIARY HEARING.

## PRAYER

WHEREFORE, PROMISES, CONSIDERED, APPLICANT PRAYS THAT THE COURT GRANT
HIM A WRIT OF MANDAMUS.

RESPECTFULLY

RANDY J. KAIZER # 1730604

C.T.TERRELL UNIT
1300 F.M. 655
ROSHARN, TX 77583

4.

## UNSWORN DECLARATION

I, RANDY J. KAIZER DO HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING WRIT OF MANDAMUS IS TRUE AND CORRECT.

EXCUTED ON: _20 Apr 15_     BY: _~~~~~~~_
RANDY J. KAIZER # 1730604

## certificate of service

I, RANDY J. KAIZER DO CERTIFY THAT A TRUE AND CORRECT COPY WAS MAIL OF THE FOREGOING WRIT OF MANDAMUS BY PLACING IT IN THE PRISON MAIL BOX WITH PRE-PAID POSTAGE ON THIS ___20th___ DAY OF ___April___ , 2015

EXCUTED ON: _20 Apr 15_     BY: _~~~~~~~_
RANDY J. KAIZER # 1730604
C.T.TERRELL UNIT
1300 F.M. 655
ROSHARON, TX 77583